IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: |
| v. | ) ) ) | |
| BASIC ENERGY SERVICES, L.P., | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Jerry S. Johnson ("Mr. Johnson"). The Commission alleges that Defendant, Basic Energy Services, L.P., unlawfully discharged Mr. Johnson in retaliation for engaging in activity protected under Title VII. Mr. Johnson both supported and was perceived by Basic Energy Services to have supported the protected activity of his co-worker, who had complained about discrimination on the basis of sex. The Commission's allegations are discussed in greater particularity in paragraphs 7 through 13 below.

- 1 -

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Shreveport Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Basic Energy Services, L.P. ("Defendant"), has continuously been a partnership doing business in the State of Louisiana, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days before the institution of this lawsuit, Mr. Johnson filed a charge of discrimination with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about March 26, 2007, Defendant engaged in unlawful employment practices at its Minden, Louisiana facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

8. Defendant's unlawful employment practices included the retaliatory discharge of Mr. Johnson because of his support of his co-worker's complaints about discrimination on the basis of sex.

9. In the months before Mr. Johnson's termination, Tawnya Smith (formerly known as Tawnya S. Bell), his co-worker and friend, had made internal complaints to her employer, Defendant Basic Energy Services, L.P., that she was being subjected to sexual harassment and had been denied a promotion to a supervisor position because of her sex, in violation of Title VII.

10. In approximately February of 2007, Defendant's human resources official interviewed Mr. Johnson in relation to his co-worker's sexual harassment complaints. During the interview, Mr. Johnson provided corroboration for his co-worker's sexual harassment complaints, in addition to affirming his friendship with her. During the interview, Mr. Johnson opposed practices made unlawful under Title VII, and/or participated, testified, or assisted in an investigation, within the meaning of Title VII.

11. In approximately March of 2007, Defendant received notice from other Basic Energy Services employees that Mr. Johnson was "supporting" his co-worker's sexual harassment complaints and would continue to do so.

12. On or about March 26, 2007, Defendant terminated both Mr. Johnson and his co-worker Tawnya Smith. Defendant later stated in writing to the EEOC that it fired Mr. Johnson because of his "planned support of the false complaint" of sexual harassment by Ms. Smith.

13. Defendant fired Mr. Johnson in retaliation for supporting the protected activity of his co-worker Tawnya Smith, by opposing practices made unlawful by Title VII, by participating, assisting, or testifying in an investigation, and by otherwise engaging in protected activity within the meaning of Title VII.

14. The effect of the unlawful employment practices complained of in paragraphs 7 though 13 above has been to deprive Mr. Johnson of equal employment opportunities and to otherwise adversely affect his status as an employee because of his opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, and/or because of his otherwise engaging in activity protected by Title VII.

15. The unlawful employment practices complained of in paragraphs 7 through 13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 7 through 13 above were done with malice or with reckless indifference to Mr. Johnson's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, actions, and programs which provide equal employment opportunities for employees who oppose unlawful employment practices and which eradicate the effects of its past and present unlawful employment practices. Such relief may include, but not be limited to, training of Defendant's employees

regarding unlawful retaliation; and disciplinary actions against employees who have committed unlawful retaliation.

C. Order Defendant to make whole Mr. Johnson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Mr. Johnson or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Mr. Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 13 above, in amounts to be determined at trial.

F. Order Defendant to make whole Mr. Johnson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 13 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Mr. Johnson punitive damages for its malicious and reckless conduct described in paragraphs 7 through 13 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems appropriate in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

*/s/ Michelle J. Butler*

**MICHELLE T. BUTLER**
Senior Trial Attorney
La. Bar Roll No. 1286
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel:   (504) 595-2878 (Main Legal)
       (504) 595-2872 (Butler)
Fax:   (504) 595-2886
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808